IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOYCE DUNCAN                                                                    PLAINTIFF

VS.                                         Case No. 04-CV-4126

GENERAL MOTORS CORPORATION                                         DEFENDANT

## ORDER

On November 11, 2005, Defendant General Motors Corporation ("GMC") filed a Motion for Summary Judgment. (Doc. 13) Plaintiff Joyce Duncan filed a response. (Doc. 18) GMC filed a reply. (Doc. 19)

Joyce Duncan seeks entitlement to surviving spouse benefits under GMC's Hourly-Rate Employees Pension Plan ("the Plan"). The Plan is an employee pension benefit plan under section 3(2)(A) of the Employee Retirement Income Security Act of 1974, as amended, ERISA, 29 U.S.C. § 1002(2)(A). Joyce Duncan's claims specifically arise under 29 U.S.C. § 1132(a)(1)(B). The Plan is a collectively bargained plan, negotiated between GMC and the International Union ("the UAW"). The Plan includes an appeals procedure.

Joyce Duncan's former husband, Moses Duncan, was employed by GMC as an hourly employee. The terms and conditions of Moses' employment and his benefit entitlement are governed by the applicable provisions of the National Agreement entered into between GMC and the UAW. The entitlement to pension benefits is governed by applicable provisions of the Plan, incorporated within the Supplemental Agreement Covering Pension Plan.

Moses last worked for GMC on April 30, 1976 and retired with benefits commencing effective May 1, 1976. At the time of Moses' retirement he had completed more than thirty (30) years of credited service and was 53 years, 7 months old. On March 1, 1976, Moses Duncan

apparently completed two HRP 9 forms. The Administrative Record provided by GMC contains two HRP 9 forms, both dated March 1, 1976.[1] The bottom portion of the form states:

> Under Article II, Section 6 of the [Plan], in lieu of the normal monthly basic pension benefit otherwise payable after age 55, a reduced monthly basic pension benefit is payable during your lifetime to provide that if you die after the month in which you attain age 55, and your designated spouse is living at your death, 55% of your reduced monthly basic pension shall be payable to your spouse monthly during your spouse's further lifetime following your death. However, you may reject such option by so indicating below. If you do not reject the option and your spouse predeceases you, or you are divorced by court decree, your benefits may cease to be reduced for the option provided you make proper application to [GMC].[2]

Immediately below this paragraph is an empty box. Next to the box is the following statement: "I hereby reject the Survivor's Option provided in Article II, Section 6 of the [Plan]."[3] Next, the HRP 9 form reads, "(If you do not reject the Survivor Option complete the following with respect to your spouse)".[4] The form then has blanks for the employee's spouse's name, date of birth, and social security number.[5] On one of the HRP 9 forms signed by Moses, the box for rejecting the Survivor's Option is not marked and Joyce's name, date of birth and social security number is typed.[6] On the other HRP 9 form signed by Moses, the box for rejecting the Survivor's Option is marked with an "X" with a thick, black marker.[7] Also on this HRP 9 form Joyce's name, date of birth and social security has been typed, but marked through with a thick,

---

[1] Doc. 16, (Administrative Record) pp. 92-3.

[2] Id.

[3] Id.

[4] Id.

[5] Id.

[6] Administrative Record, p. 93.

[7] Id.

2

black marker.[8] These black marks were obviously created with a different writing instrument than the instrument Moses used to sign his name. These contradictory HRP 9 forms leave doubt as to whether or not Moses rejected the surviving spouse benefit Joyce seeks to recover in this case. It also raises questions for the Court as to why there are two HRP 9 forms in the Administrative Record. On July 16, 1976, Moses signed an Authorization of Monthly Benefits form showing that no surviving spouse benefits would be provided and that his benefit calculation was done without reducing the cost of the surviving spouse annuity.[9] On September 25, 1978 and September 25, 1981, Moses received letters from GMC indicating, among other things, that no survivor benefits option was in effect.[10]

Moses died on March 25, 2004. On April 28, 2004, Joyce called GMC inquiring why she had not received a pension benefit check. On May 10, 2004, GMC informed Joyce she was not entitled to a surviving spouse benefit payment and provided her with a copy of the HRP 9 form showing that Moses had rejected the Survivor's Option. Thereafter, Joyce filed this suit seeking an entitlement to the survivor's benefit.

One of GMC's arguments for summary judgment is that Joyce failed to exhaust her administrative remedies. Once a claimant receives a determination with which she disagrees, she has 60 days to file an "Employee Claim to Pension Committee."[11] An employee benefit claimant must exhaust a plan's appeal procedure before bringing a claim in court for wrongful

---

[8] Id.

[9] Administrative Record, pp. 85-6.

[10] Administrative Record, pp. 76-7.

[11] Administrative Record, p. 64.

3

denial of benefits. *Galman v. Prudential Ins. Co. of America*, 254 F.3d 814 (8th Cir. 2001). However, there is Eighth Circuit authority indicating actual notice of appeals procedures must be given by the Plan's administrator in order to trigger the exhaustion of remedies requirement. *See Conley v. Pitney Bowes*, 34 F.3d 714 (8th Cir. 1994). The earliest the record indicates Joyce received notice of the appeals procedure was on April 4, 2005, when GMC's attorney wrote Joyce's attorney.[12] In fact, nothing in the Administrative Record shows Joyce received notice of the Plan's appeal procedure. Since Joyce received notice on May 10, 2004 that GMC denied her claim for a survivor's benefit, the April 4, 2005 letter was well past the 60 day deadline to appeal that determination.

In its reply, GMC argues that since the Plan was part of a collectively bargained agreement, Joyce had a duty to know the Plan's appeal procedure regardless of whether GMC actually notified her of the appeal procedure. The Court has reviewed the cases cited by GMC in its reply in support of its above argument and believes these cases are distinguishable from this matter. The cases cited by GMC all involve wrongful discharge, fair representative or severance pay claims arising under respective collectively bargained agreements. None of the cases arise from a denial of benefits claim under an ERISA plan. Secondly, none of the cases impute the duty of a union member to become familiar with appeal procedures in a collectively bargained agreement to his spouse. Therefore, the Court does not believe Joyce had a duty to become familiar with the appeal procedure of the Plan.

The Court believes this case should go through the appeals procedure set forth in the Plan. GMC suggests this course if the Court were to deny its motion for summary judgment.

---

[12] Doc. 13, Ex. G.

Allowing Joyce's claim to go through the appeal procedure furthers some of the purposes of such procedures, specifically, to enhance the ability of benefit plan trustees to correct their errors or convince a disappointed claimant that she is incorrect and to help assemble a factual record which will assist a court in reviewing fiduciaries' actions. *Conley v. Pitney Bowes*, 34 F.3d at 718.

The contradictory HRP 9 forms leave the Court at a loss to determine the issue of whether Moses rejected the survivor's option of his benefit plan. The Court believes the appeal procedure will help resolve the issue. Therefore, the Court finds this case should be and hereby is stayed and administratively terminated to allow Plaintiff to pursue the appeal procedure of the Plan. Plaintiff is instructed to file an Employee Claim to Pension Committee within 60 days of the entry of this order, as called for by the appeal procedure of the Plan. Joyce's Employee Claim to the Pension Committee shall be considered timely filed under the Plan if she files it within 60 days of the entry of this order. If at the end of the appeal procedure either party is not satisfied with the result, they may move the Court to lift the stay in this case.

IT IS SO ORDERED, this 12th day of January, 2006.

                                              /s/ Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              U.S. District Court